# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ex rel. **GLENN F. NICHOLS** and **UNITED STATES OF AMERICA,** | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 4:02-cv-66(HL) |
| **OMNI H.C., INC, et al.** | : : | |
| Defendants. | : | |

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss the Medicaid Allegations of the Government's Third Amended Complaint (Doc. 99). After consideration, the Court denies the Motion, as more fully set forth below.

**I.    BACKGROUND**

Beginning in 1985 and continuing until January of 2002, Glenn F. Nichols was employed by Oak Manor Nursing Home, Inc. and Pine Manor Nursing Home, Inc. in Muscogee County, Georgia. On May 8, 2002, Nichols filed a qui tam action on behalf of the United States in which he alleged that his former employers and others presented false claims to the Government in violation of 31 U.S.C.A. § 3729. Nichols named as Defendants Omni H.C., Inc. ("Omni"), Oak Manor Nursing Home, Inc. ("Oak Manor"), Pine Manor Nursing Home, Inc. ("Pine Manor"), J. Steve Wilson, and J. Grant Wilson. As required by 31 U.S.C.A. § 3730(b)(2), the complaint was placed under seal,

awaiting a decision by the Government as to whether it would intervene and act on the complaint. Three years later, on November 15, 2005, the Government filed a Notice of Partial Intervention.

In the Notice of Partial Intervention, the Government stated its intention to proceed with one issue presented by Nichols: "Defendant's alleged cost report fraud or alleged inflated or falsified cost reports by including goods, services, salaries, and/or other expenses that were not used for the benefit of OMNI H.C., Oak Manor, and Pine Manor." (Notice at 1.) The Government declined to intervene "as to alleged 'quality of care issues' or Defendant's alleged falsification of records with regard to patient care and/or Defendant's alleged failure to render adequate patient care." (Notice at 1.) The Government also expressed its intention to include additional grounds for recovery under the False Claims Act based on new information, and sought permission to file an amended complaint.

Consistent with its Notice of Partial Intervention and the Court's order of November 18, 2005, the Government filed an amended complaint on January 17, 2006. On May 25, 2007, the Government filed its Third Amended Complaint. It is the Third Amended Complaint that is the subject of Defendants' Motion to Dismiss.

## II. CONCLUSIONS OF LAW

As Defendants note, the focus of their Motion is narrow: They seek dismissal of the Government's False Claims Act claims insofar as they are based on Medicaid claims submitted to the State of Georgia, as distinguished from Medicare claims

directly submitted to the federal Government. The Government contends that liability under the False Claims Act extends to claims submitted under Medicaid. An understanding of the issue demands a review of 31 U.S.C.A. § 3729.

Section 3729 sets forth seven broad categories of liability under the False Claims Act, only two of which are relevant here. Under these provisions, any person is liable for civil penalties who:

> 1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval; [or]
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31 U.S.C.A. § 3729(a)(1) & (2) (West 2003).

In addition to setting forth the acts that give rise to liability, the statute sets forth the penalties for violations, 31 U.S.C.A. § 3729(a) (West 2003 and West Supp. 2007), defines the terms "knowing" and "knowingly," 31 U.S.C.A. § 3729(b) (West 2003), identifies information exempt from disclosure, 31 U.S.C.A. § 3729(d) (West 2003), and identifies exclusions, 31 U.S.C.A. § 3729(e) (West 2003). The statute also defines a "claim" as that term is used in § 3729:

> For purposes of this section, "claim" includes any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor, grantee, or other recipient for any portion of the money or

3

property which is requested or demanded.

31 U.S.C.A. § 3729(c) (West 2003).

The Government's Third Amended Complaint sets forth comprehensive factual allegations, and alleges generally that the actions of the various Defendants served to violate § 3729, but the Government does not specify under which of the seven categories of liability set forth at § 3729(a) it brings its claims. Relying on the language in the complaint, Defendants take the position that the Government's claims are brought pursuant to § 3729(a)(1). (Reply Br. at 4.) The Government has not specifically disavowed Defendants' characterization of its case as having been brought pursuant to § 3729(a)(1), although in responding to Defendants' Motion, the Government makes reference to the requirements of both § 3729(a)(1) and § 3729(a)(2). (Resp. at 2.) Because the standards are different for the different statutory provisions, this Court must first decide whether the Government's claims are brought pursuant to § 3729(a)(1) or § 3729(a)(2).

In Count I of the Third Amended Complaint, the False Claims Act count, the Government states as follows:

> This is a claim for treble damages and civil money penalties under the False Claims Act, 31 U.S.C. §§ 3729-3733, against Defendants for knowingly presenting or causing to be presented false or fraudulent claims for services and goods, including but not limited to medical service and medical service time, provided to Medicare and Medicaid patients of Defendants.

(3d Am. Compl. ¶ 72.) The Government then states,

>Defendants presented or caused to be presented these claims for reimbursement to Medicare and Medicaid, knowing such claims were false or fraudulent, or with reckless disregard or deliberate ignorance of the truth or falsity of the claims.

(3d Am. Compl. ¶ 73.)

While neither paragraph precisely tracks § 3729(a)(1) or § 3729(a)(2), the Government's complaint more closely tracks § 3729(a)(1). Section 3729(a)(2) has as an element of liability the making or use of a "false record or statement" to get a false claim paid and the Government has not set forth such allegations here. Therefore, as did Defendants, the Court will proceed under the theory that the Government is alleging liability under § 3729(a)(1).

Liability pursuant to § 3729(a)(1) attaches when any person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." Defendants argue that because the allegedly false claims were made to Medicaid, rather than to Medicare, and were submitted to the State of Georgia, which administers the Medicaid program, the claims were not presented to "an officer or employee of the United States Government" as is required for liability under § 3729(a)(1). As support for their position Defendants rely on the decision of the United States Court of Appeals for the District of Columbia Circuit in <u>United States ex rel. Totten v. Bombardier Corp.</u>, 380 F.3d 488 (D.C. Cir. 2004), a case which has been the subject of much debate, and which is not binding on this Court.

In Totten, the relator alleged that two companies delivered defective rail cars to Amtrak. The relator maintained that by submitting invoices to Amtrak for payment, the companies violated § 3729(a)(1). The District of Columbia Circuit held that the plain language of § 3729(a)(1) requires that claims must be presented to an officer or employee of the Government, and that a claim presented to Amtrak for payment was not presented to an officer or employee of the Government.[1] Relying on the decision in Totten, Defendants argue that submission of a claim to the agency that administers the Medicaid program on behalf of the State of Georgia is not sufficient for liability to attach under § 3729(a)(1) because the claim has not been presented to an officer or employee of the Government. The Court disagrees.

As the Government explains in its Third Amended Complaint, Medicaid is a federally assisted grant program for the states which enables them to provide medical assistance and related services to needy individuals. (3d Am. Compl. ¶ 32.) The United States Department of Health and Human Services, through the Centers for Medicare & Medicaid Services, administers the Medicaid program at the federal level.

---

[1] The court extended its reasoning to § 3729(a)(2), and concluded that for liability to attach under that section the false claim must have been presented to the government for payment, not merely paid out of federal funds. The circuit courts are split as to this issue and the question of when liability attaches under § 3729(a)(2) is presently before the Supreme Court of the United States. Allison Engine Co., Inc. v. United States ex rel. Sanders, 128 S. Ct. 491 (2007). The question presented in Allison Engine is "whether a plaintiff asserting a cause of action under Section 3729(a)(2) or Section 3729(a)(3) of the False Claims Act is required to prove that a false claim was submitted to the federal government, or whether it is sufficient to establish that the claim was paid using federal funds." Allison Engine Co., Inc. v. United States ex rel. Sanders, No. 07-214, 2007 WL 2363248 (S. Ct. 2007). However, the issue presented in Allison Engine is not before this Court.

(3d Am. Compl. ¶¶ 6, 32.) Although each state decides who is eligible and what services will be offered to Medicaid recipients, the states obtain federal funding for the program from accounts which draw on funds of the United States Treasury. (Am. Compl. ¶ 32.) Those persons or entities that wish to become participating providers in Medicaid, and who wish to receive reimbursement for covered medical services, must agree to abide by the provisions of Title XIX of the 1965 Amendments to the Federal Social Security Act, entitled "Grants to the States for Medical Assistance Programs, and set forth at 42 U.S.C.A. §§ 1396 to 1396v (West 2003). (3d Am. Compl. ¶ 34.)

With respect to the False Claims Act violations allegedly stemming from Defendants' participation in Medicaid programs, the Government alleges that only Oak Manor, Pine Manor, and Keyesville were eligible participants of the Medicaid program with regard to particular cost reports. (3d Am. Compl. ¶ 38.) The Government further alleges that from 1997 to 2001, Oak Manor, Pine Manor, and Keyesville submitted false cost reports to Medicaid which included goods and services diverted to other Omni affiliates. (3d Am. Compl. ¶ 42.) The Government also alleges that Jorge Haber, as Secretary and Chief Financial Officer of Omni, submitted false cost reports to Medicaid by claiming reimbursement for expenses of Omni affiliates not eligible to participate in the Medicaid program. (3d Am. Compl. ¶ 43.) According to the Government, these Defendants submitted six falsified cost reports to Medicaid from 1998-99 and twelve falsified cost reports from 2000-02. (3d Am. Compl. ¶ 45.)

This Court agrees with the reasoning of the various United States District Courts which have held that claims submitted to Medicaid are claims presented to the federal government, and finds that the allegations of the Third Amended Complaint are sufficient to state a claim under § 3729(a)(1).  These courts have concluded that, given the comprehensive funding and reimbursement structure between the states and federal government under the Medicaid scheme, claims that are submitted to Medicaid are claims to the federal government. *See, e.g,* United States v. Cathedral Rock Corp., No. 4:03cv1090, 2007 WL 4270784, at *3 (E.D. Mo. Nov. 30, 2007) (holding that "claims submitted to Medicaid agencies are considered claims presented to the federal government and may give rise to liability under the FCA"); United States ex rel. Tyson v. Amerigroup Ill. Inc., No. 02 C 6074, 2005 WL 2667207, at *3 (N.D. Ill. Oct. 17, 2005) (holding that false clams submitted to the Medicaid intermediary for the State of Illinois are presented to the federal government for reimbursement and may give rise to liability under the FCA).

These district courts have also concluded that the definition of a "claim" as set forth at § 3729(c) is broad enough to encompass Medicaid payments.  Cathedral Rock, 2007 WL 4270784, at *3 (stating that § 3729(c) "casts significant doubt on Defendants' contention that Medicaid claims fall outside the FCA"); Tyson, 2005 WL 2667207, at *2 (same).  In concluding that Medicaid claims fall within the False Claims Act, the court in Tyson stated, "In short, the express language of the FCA, the statutory definition of "claim" and the supporting legislative history make clear that claims submitted to state

8

Medicaid agencies or intermediaries are considered to be claims presented to the federal government, and thus may give rise to liability under the FCA." Tyson, 2005 WL 2667207, at *3.

It appears to the Court that the majority of courts that have considered Totten have refused to apply it in the Medicaid context. Moreover, some of those courts have concluded that even though the court in Totten declined to extend the False Claims Act to claims submitted to Amtrak, the court nonetheless recognized in Totten that false claims can be submitted to the federal government through an intermediary:

> Totten, however, does not appear to stand for the proposition that claims must be presented by the alleged tortfeasor directly to the federal government in order to be actionable under the FCA. Indeed, both the majority and dissent in Totten acknowledge that presentment can occur directly or indirectly, as indicated by the statute itself through its use of the phrase "causes to be presented" in Subsection (a)(1), and "causes to be made or used" in Subsection (a)(2). Rather, Totten held, inter alia, that a false claim ultimately must be presented to the federal government (whether directly or via an intermediary) in order for liability to attach, and that presentment is a prerequisite to liability under both Subsections (a)(1) and (a)(2) of the FCA.

Tyson, 2005 WL 2667207, at *1 (citations omitted). *See also* United States v. Sequel Contractors, Inc., 402 F. Supp. 2d 1142, 1150 (C.D. Cal. 2005) (stating that the decision in Totten "did not require that the defendants themselves directly present the false claim to the federal government" but that Totten requires, instead, "that *someone* must directly present a false claim to the federal government in order for liability under the FCA to arise").

This Court finds the reasoning of the foregoing district courts to be persuasive

9

and declines to extend the holding in Totten to the Medicaid claims in this case. The allegations contained in the Government's Third Amended Complaint are sufficient to state a claim for liability under § 3729(a)(1) of the False Claims Act in that they set forth sufficient facts to show that under the comprehensive Medicaid scheme operated by the Federal Government through the states, a Medicaid participant who submits a false claim to a state's intermediary for payment has presented that claim, or causes that claim to be presented, to the United States Government.

### III. CONCLUSION

In accordance with the foregoing, the Defendants' Motion to Dismiss the Medicaid Allegations of the Government's Third Amended Complaint (Doc. 99) is denied.

**SO ORDERED**, this the 31st day of March, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls