# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **ex rel. GLENN F. NICHOLS and** | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 4:02-cv-66(HL) |
| | : | |
| **OMNI H.C., INC, et al.** | : | |
| | : | |
| Defendants. | : | |

## ORDER

In this False Claims Act case, the Government has moved the Court to determine the amount of attorneys' fees due to Relator, Glenn F. Nichols. After review of the briefs of the parties, and as more fully set forth below, the Court finds that an attorneys' fee award of $67,958.75 is fair and reasonable.

### Background

Relator, Glenn F. Nichols, filed this qui tam action in 2002. The matter was under seal for three years while the Government investigated the allegations in order to determine whether to intervene. During the time that the case was under seal, the Government filed nine motions seeking to extend the time in which to make its election. Ultimately, in 2005, the Government elected to intervene as to some issues presented in the original complaint but not all. The Government also filed an amended complaint

in order to add additional issues not presented in the original complaint.

After the Government notified the Relator of its intentions with regard to intervention, Relator notified the Court and parties of his intention to exercise his right to pursue individually the claims as to which the Government declined to intervene. Relator amended his complaint to include those claims, as well as a claim for retaliatory discharge. Defendants filed motions seeking dismissal of the Relator's individual claims and those motions were ultimately granted, so that none of Relator's individual claims remained for determination.

In 2006, the district court judge to whom the case was originally assigned sua sponte raised the question of whether he was disqualified from hearing the case. After directing the parties to brief the issue, the district court judge recused himself from the case, and the case was reassigned to the undersigned judge.

In 2008, the Government and the Defendants began negotiating in earnest. Thereafter, the Government and the Defendants agreed to a settlement amount of $618,000.00, out of which the Government proposes to pay Relator Counsel's attorneys' fees in the amount of $25,286.28. Relator would also obtain a relator's share of the settlement in an amount that has yet to be determined.[1]

Relator's Counsel objects to the amount of the attorneys' fees that the

---

[1] Under the terms of the False Claims Act, Relator would receive not less than 15 percent, but not more than 25 percent of the proceeds of the settlement. 31 U.S.C.A. § 3730(d)(1) (West 2002). The Government has suggested that a 15% share would be appropriate. The amount of the Relator's share is not an issue before the Court at this time.

Government has proposed to pay.  He believes that $90,250.00 is a fair and reasonable amount of attorneys' fees to be awarded.  He bases this amount on an estimated number of 361 hours worked on the case and an hourly rate of $250.00. Relator's Counsel relies on an estimated number of hours worked because Counsel did not keep a record of the hours spent on the case since its initiation in 2002, and was thus forced, in 2008, to recreate the hours invested in handling the case.

The Government has no objection to the hourly rate sought by Relator's counsel,[2] but the Government has voiced earnest objection to the use of an estimated record of hours worked, as well as the total fees sought.  The Government has expressed that Relator's Counsel's attorneys' fees should be reduced significantly because Relator has failed to succeed on any of his individual claims and only succeeded on one of the claims brought in the initial complaint and pursued by the Government.

## Contentions of the Parties

Relator's Counsel maintains that he has conservatively reconstructed his billing records in a manner that demonstrates billing judgment and avoids duplication of hours, so that, at most, only a reduction of three hours from the 361 hours that are claimed is warranted.  The Government, however, has raised several challenges to the hours sought by Relator's Counsel.

---

[2] The Government is of the opinion that Relator has failed to establish the hourly rate with sufficient evidence, as required by the False Claims Act.  Nevertheless, the Government has acknowledged that it is willing to accept an hourly rate of $250 per hour.

3

First, the Government contends that 15 hours should be disallowed because it reflects time spent preparing pleadings related to unsuccessful claims.   The Government also argues that some of the time claimed under the heading of Witness Research/Interviews is not separated according to what portion of that time was spent on successful claims and what portion was spent on unsuccessful claims.   The Government argues that 50 hours of the time sought should be reduced by 75%, which the Government asserts reflects the percentage of areas as to which Relator was unsuccessful.  In addition, the Government takes issue with Relator's Counsel's failure to break down the hours billed for Communications in a way that would enable the Court and the parties to determine what communications relate to successful claims and what communications relate to unsuccessful claims.

The Government does not disagree generally with Relator Counsel's decision to bill for two attorneys as to some matters, but challenges the use of two lawyers, at 20 minutes each, to review such filings as unopposed motions for extension of time and orders granting unopposed motions.  The Government seeks to have the time claimed for a second lawyer to review unopposed motions stricken entirely.  The Government puts the number of these motions at 34.[3] The Government also seeks to have the

---

[3] The Government argues that 35 of the pleadings filed were requests for extensions, only one of which was opposed.  Therefore, the Government seeks to have the Court treat the 34 unopposed motions differently than the other 45 adversarial pleadings filed in the case.  Relator accepts that 35 of the pleadings were requests for extension of time.  (Resp. Br. at 15.)

amount of time spent for each order and motion reduced from 20 minutes to 10 minutes.  The elimination of the time for one lawyer to review 34 unopposed motions would result in a reduction of 7 hours.  The elimination of the time for one lawyer to review 11 court orders granting extensions would result in a reduction of 4 hours.

The Government also requests that the amount of fees be reduced by the amount of time Relator's Counsel expended in opposing one of the Government's requests for extension of time.  Granting this reduction would result in 6.5 hours being subtracted from the total number of hours sought, broken down as 6 hours of pleadings and .5 hours for a related letter.

In addition to the foregoing challenges, the Government argues that Relator's Counsel should not be allowed to recover for time spent responding to the Court's inquiry on the recusal issue, which would eliminate 3 hours, and also should not be allowed to recover for 15 hours expended to negotiate the issue of attorneys' fees.

### Conclusions of the Court

In addition to providing for a relator's share of the proceeds of the action or settlement, the False Claims Act provides for the relator to "receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs."  31 U.S.C.A. § 3730(d)(1) (West 2002).  A district court calculates attorneys' fees under this provision using the lodestar formula, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933,

1939 (1983).  The district court has the discretion to adjust the amount of fees awarded depending on other factors, such as the quality of the result obtained.  <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d 1292, 1302 (11th Cir. 1988).  The party seeking attorneys' fees bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rate." <u>Id.</u> at 1303.  If the district court finds that the fee application is inadequate or makes a claim for hours or fee rates that seem excessive, the district court may base its award on its own experience. <u>Id.</u>

After review of Counsel's billing statement and the arguments of the parties, the Court finds that many of the Government's challenges have merit.  Specifically, the Court agrees with the Government that 15 hours should be disallowed for time spent preparing pleadings related to unsuccessful claims.  A district court has the authority to reduce the amount of attorneys' fees awarded in relation to the success of the Relator on his claims.  <i>See, e.g.</i>, <u>United States ex. rel. Harrison v. Westinghouse Savannah River Co.</u>, 352 F.3d 908 (4th Cir. 2003) (approving reduction in attorneys' fees based on the success of the relator's claims).  Therefore, the Court will reduce the hours sought by 15, the amount of time spent by counsel in preparing pleadings related to unsuccessful claims.

The Court also agrees with the Government that it is not reasonable for counsel to seek to recover attorneys' fees for two attorneys to review unopposed motions for extensions.  Therefore, the Court will reduce the hours sought by 7, the number of hours billed for a second attorney to review unopposed motions for extensions.  The

6

Court reaches the same result with respect to billing for two attorneys to review court orders on unopposed motions.  Therefore, the Court will reduce the hours sought by 4, the number of hours billed for a second attorney to review orders on unopposed motions for extensions.

With respect to the question of whether to reduce the amount of time sought for Witness Research/Interviews, the Court agrees with the Government that some portion of the amount should be reduced to reflect work done on unsuccessful claims. Relator's Counsel has billed 30 hours for phone conversations and meetings with Relator by Counsel and 20 hours for conversations between lawyers for Relator.  The Government requests that this 50 hours should be reduced by 75%.

The Court does not agree with the Government that 75% is a fair number simply because 75% of Relator's claims were dismissed.  The Court agrees with Relator's Counsel that there was a great deal of overlap on the claims and that much of the same work would have been necessary whether done for the successful claim or all of the claims.  However, in the absence of more detailed evidence from the Relator as to how those hours of research and witness interviews broke down as to each claim, the Court finds that a 50% reduction in the number of hours claimed is reasonable.  Therefore, the Court reduces from 50 to 25 the number of hours billed for phone conversations and meetings with Relator and between lawyers for Relator.

The Court likewise agrees with the Government that the time billed under the heading of Communications is not broken down in a manner that allows the Court to

determine how much of the time billed was spent on unsuccessful claims.  While Relator's Counsel has offered to make these documents available for in camera review, it is the opinion of the Court that Relator's Counsel bears the burden of identifying the compensable hours with sufficient detail to allow the Court to make a determination without being obliged to review individual letters or emails.  In the absence of more specific information from Relator's Counsel, the Court that believes that a 50% reduction of the communication hours is appropriate.  Relator's Counsel has billed for 72.33 hours.  The Court reduces that number by 36.165 hours.

The Court disagrees with the Government with respect to whether 20 minutes is a reasonable time to review an unopposed motion for extension or an order on such a motion.  While the time spent reading the document might literally be 10 minutes or less, a "review" of such a document reasonably includes the time spent obtaining the document, most likely by retrieving it electronically after notice of service, and reflecting upon it after reading it.  In the Court's view 20 minutes is not an unreasonable amount of time for such an activity.  Therefore, the Court declines to reduce the amount of time billed for review of unopposed motions for extension or orders on unopposed motions.

The Court also disagrees with the Government with respect to the decision by Relator to respond to a motion for extension of time.  Bearing in mind that Relator's claim had been under seal for more than three years when yet another motion for extension was sought, the Court finds that the decision to oppose the motion for

8

extension of time was not unreasonable.[4]  However, 6.5 hours to oppose a motion for extension of time seems excessive, so the Court will reduce the time allowed by 2 hours.

The Court also disagrees with the Government with respect to the time sought in responding to the Court's inquiry on the recusal issue.  The parties had an obligation to respond to the Court's inquiry, and although the matter was not directly related to the merits of the claims made by the Relator, the time spent was certainly necessary to the case.  The Court declines to reduce the number of hours spent in responding to the Court's inquiry on the recusal issue.

Finally, the Government argues that with respect to time spent negotiating the issue of attorneys' fees, Relator Counsel's "request for payment for fifteen (15) additional hours should be denied or substantially reduced."  (Reply Br. at 10.)  As the Court reads the pleadings, it appears that the 15 hours spent negotiating attorneys' fees is not included in the original 361 hours submitted for payment.  (Affidavit of Frank Myers, III, ¶ 24.)  Also not included is an additional $2,940.00 paid to a private attorney to assist Relator Counsel in addressing the attorneys' fee issue.  (Affidavit of Frank Myers, III, ¶ 25.)  It is the Court's understanding that the information about the 15 hours

---

[4] The Court notes that the disputed motion for extension of time was granted by the district court the day it was filed and before Relator had an opportunity to object.  The Local Rules of this Court permit the consideration of motions for extension of time immediately after filing, however, they also permit a challenge to such an order, if the challenge is made within five days.  Local Rule 7.7

and $2940.00 expended is included for the Court's consideration in determining the reasonableness of the fee request already presented.  (Affidavit of Frank Myers, III, ¶¶ 24, 25).  Therefore, the Court finds that no additional reduction for these hours need be taken from the 361 hours originally sought, but neither will they be added to the hours billed.

### Summary

In summary, the Court finds that the 361 hours sought by Relator Counsel should be reduced as follows:

| | |
|---|---|
| Preparing pleadings related to unsuccessful claims | 15 |
| Review of unopposed motions by second attorney | 7 |
| Review of orders on unopposed motions by second attorney | 4 |
| Witness Research/Interviews on unsuccessful claims | 25 |
| Communications on unsuccessful claims | 36.165 |
| Opposing motion for extension of time | 2 |
| Total number of hours reduced | 89.165 |
| Number of hours times $250.00 per hour | $22,291.25 |
| Total amount requested by Relator Counsel | $90,250.00 |
| Less amount reduced by Court | 22,291.25 |
| Amount due to Relator Counsel for attorneys' fees | $67,958.75. |

Consistent with the foregoing, therefore, the Court finds that an attorneys' fee award of $67,958.75 is fair and reasonable.

**SO ORDERED**, this the 10th day of February, 2009.


*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**